Nott, J.,
delivered the opinion of the court:
In Clyde’s Case, (5 C. Cls. R., p. 134,) this court held that “ where a charter-party, made by a quartermaster under proper authority, fixes the compensation for a vessel in the military service, the Quartermaster-General has no arbitrary power to reduce it either for the period already past when the reduction is ordered, or for any future period during which the vessel is compelled to remain in the service against the request of her owner. But'where the owner allows'the vessel to remain in the service after her charter has been disapproved and a reduction of compensation ordered he can recover only at the reduced rate.” The decision went upon the ground that when the Government possessed the right by the terms of the charter-party to discharge the vessel at any moment, the disapproval of the charter by the Quartermaster-General, and his order that she be discharged unless the owner would assent to a reduced rate, *410 so fax annulled the contract that the vessel ceased to be in the service under the charter, and remained in it under the new terms imposed by the Quartermaster-General. The Supreme Court in the same case went much farther than this, and held that the mere fact of the Quartermaster-General’s order made the case one of dispute, and that the acceptance of the reduced rate accompanied by the giving of a receipt in full, concluded the owner from seeking more.
In the case now before us the owner offers evidence to do away with the effect which the Supreme Court has ascribed to a receipt in full given amid such circumstances. We are, however, of the opinion that the facts of the case are substantially like those in Clyde's, and that though the receipt be out of it, the fact still remains that the owner allowed his vessel to continue in the service after her rate of compensation had been reduced by the Quartermaster General. It is indeed a weaker case than Clyde's, for here the Quartermaster Department re-opened and resettled the account, allowing an increased compensation retroactively, which the claimant accepted, and for which he receipted in full. The case, therefore, if taken out of the decision of the Supreme Court, is still ruled by the decision of this court in both Clyde's and Sweeney's Cases.
The judgment of the court is that the petition be dismissed.